



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1027
Re: Authority of Treasurer to make
refund on damaged or destroyed
cigarette tax stamps

By your letter of June 22, 1939, you asked the opinion
of this Department as to your authority, under the Cigarette
Tax Law, Article 7047c-1, Vernon's Civil Statutes, to make
refunds on cigarette tax stamps attached to cigarettes des-
troyed by fire. You also asked the following question:

"Was it the intent of the Legislature that
some physical evidence of the actual stamps,
damaged or otherwise, should be presented to the
Treasurer with a request for a refund, or does
the law give the Treasurer the power and authority
to make such refunds upon evidence obtained from
records of the dealer requesting the refund?"

Section 2 of Article 7047c-1 provides in part as follows:

"The said tax shall be paid only once by the
person making the 'first sale' in this State
and shall become due and payable as soon as such
cigarettes are subject to a first sale in Texas,
it being intended to impose the tax as soon as
such cigarettes are received by any person in
Texas for the purpose of making a 'first sale' of
same."

Said Section further provides:

"Payment of such tax shall be evidenced by
stamps purchased from the Treasurer and securely
affixed to each individual package of cigarettes
covering the tax thereon as imposed by this Act;
..."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 3 of the Act provides in part as follows:

"Provided that the stamps shall be affixed by the distributor on each individual package of cigarettes that will be handled, sold, distributed, or used; ..."

It is also provided in Section 3 of the Act:

"Stamps in unbroken sheets of one hundred (100) stamps may be exchanged, with the Treasurer only, for stamps of a different denomination. Provided, further, that the Treasurer shall be authorized to make refunds on unused stamps in unbroken sheets of not less than one hundred (100) stamps each to the person who purchased said stamps only when proof satisfactory to said Treasurer is furnished that any stamps upon which a refund is requested were properly purchased from said Treasurer and paid for by the person requesting such refund. Such refund shall be made from revenue derived from this Act before such revenue is allocated as herein provided."

Section 1 of the Act defines the term "Previously Used Stamp" as follows:

"'Previously Used Stamp' shall mean and include any stamp which is used, sold, or possessed for the purpose of sale or use, to evidence the payment of the tax herein imposed on an individual package of cigarettes after said stamp has, anterior to such use, sale or possession, been used on a previous or separate individual package of cigarettes to evidence the payment of tax as aforesaid."

Section 5 of the Act provides:

"Every person, other than a distributing agent, bonded distributor or common carrier shall before receiving or accepting delivery of any cigarettes without stamps affixed to evidence the payment of the tax, obtain from the Treasurer the requisite amount or number of stamps necessary to

stamp such cigarettes and the possession of any unstamped cigarettes without the possession of the requisite amount or number of stamps shall be prima facie evidence that said cigarettes are possessed for the purpose of making a 'first sale' thereof without stamps and without payment of the tax levied herein.

"Every distributor in this State shall cause all cigarettes received by him to have the requisite denominations and amount of stamps affixed to represent the tax as levied herein; ..."

Section 24 (b) of the Act provides:

"The Treasurer may promulgate rules and regulations hereunder providing for the refund on stamps which by reason of damage become unfit for sale or use."

It must be observed that a stamp is used, under the provisions of the Act, as soon as it is affixed to a package of cigarettes held subject to a first sale in Texas, the Act expressly stating that it is intended "to impose the tax as soon as such cigarettes are received by any person in Texas for the purpose of making a 'first sale' of same." This being true, it is our opinion that no authority exists in the Act to make refund for stamps which have been used by attaching them to cigarettes held by a person in Texas for the purpose of making a first sale of same.

Construing the above provisions of the Act together, and reading the Act as a whole, we are of opinion that it is not contemplated therein that the Treasurer shall make refund on cigarette stamps, where such stamps are not produced before him in order to demonstrate the nature of the damage done to them and the fact that they have not been used to evidence the payment of the tax. It will be noted that the provisions of Section 24 (b) confer power on the Treasurer to promulgate rules and regulations as to the refund only of damaged stamps. It must be assumed that the Legislature used the term "damaged" advisedly, and in its ordinary significance of injury resulting in loss, by way of impairment, rather than complete destruction. It must be taken that the omission of any reference to refund on destroyed stamps was intentional. In fact, a

Hon. Charley Lockhart, Page 4.

very good reason for such omission may be assigned, such reason being a legislative recognition that refunds should be made only when satisfactory evidence can be produced that the stamps have not been used to evidence the payment of the tax, and that such satisfactory proof can only be made by tendering the damaged stamps so that the officer may have an opportunity to inspect them, not only for the purpose of determining the number of stamps upon which refund should be made, but also for the purpose of determining whether or not such stamps have been used to evidence the payment of the tax so as to negative the authority to make the refund.

We trust that the above has fully answered your questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R.W.Fairchild*

R. W. Fairchild
Assistant

RWF:pbp

APPROVED JUL 10, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *WRK*
CHAIRMAN